**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**EDWARD E. TERRELL, SR.,**

                        **Petitioner,**

         **v.**                                  **CASE NO. 17-3039-SAC**

**18th DISTRICT COURT,**

                        **Respondent.**


**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed by a prisoner held at the Sedgwick County Jail. By an order entered March 10, 2017 (Doc. #4), the Court, noting that it appears petitioner is proceeding in state district court with appointed counsel, directed him to show cause why this matter should not be dismissed without prejudice to allow him to fully exhaust state court remedies.

    Petitioner filed a timely response (Doc. #5). The Court has examined that pleading but finds no basis to allow this matter to proceed at this time. It is settled that a habeas petitioner is generally required to exhaust his claims by presenting them to the state courts, including the state appellate courts, before seeking federal relief. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

    Likewise, unless unusual circumstances exist, a federal court ordinarily should not intervene in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Generally, a court should abstain under *Younger* when: (1) there is an ongoing

state criminal action that began before the federal action was filed; (2) the state court provides an adequate forum for the petitioner to present the claims presented; and (3) the state proceedings implicate important state interests. *Amanatullah v. Col. Bd. of Med. Examiners*, 187 F.3d 11160, 1163 (10th Cir. 1999)(applying *Younger*). However, if a plaintiff or petitioner shows that there is an immediate likelihood of significant, irreparable injury, intervention may be warranted. *Younger*, 401 U.S. at 46.

The Court has examined the entire record and concludes that this matter should be dismissed without prejudice. This dismissal will allow the state courts to consider petitioner's claims, as contemplated by the exhaustion requirement. If petitioner is not successful in the state courts, he then may present his claims to the federal court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is granted.

**IT IS SO ORDERED.**

DATED:  This 29th day of March, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge